UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a Texas Corp., <br><br> Plaintiff, <br><br> v. <br><br> KRAFF'S MEN'S WEAR CO., INC., a Washington corporation; DANIEL P. JOHNSON, a Washington resident; TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; THE CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation; TRANSPORTATION INSURANCE COMPANY, an Illinois corporation; CONTINENTAL CASUALTY COMPANY, an Illinois corporation, AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA, an Illinois corporation; and HARTFORD CASUALTY INSURANCE COMPANY, a Connecticut corporation, <br><br> Defendants. | NO: 1:15-CV-3104-TOR <br><br> ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS |

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 1

BEFORE THE COURT is Third Party Defendants Continental Casualty Company, Transportation Insurance Company, and American Casualty Company of Reading Pennsylvania's Motion to Approve Settlement (ECF No. 59), and the parties Stipulated Motions to Dismiss (ECF Nos. 69; 77). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed.

Per the parties' stipulation, the Motions to Dismiss (ECF Nos. 69; 77) are GRANTED. For the reasons discussed below, the Motion to Approve Settlement is DENIED.

## BACKGROUND

1. **Parties; Claims**

The instant action involves a suit for contribution amongst insurers. American Hallmark Insurance Company of Texas ("Hallmark") filed the instant suit for declaratory relief as to who will ultimately be liable for damages arising out of a suit by Pendleton Woolen Mills ("Pendleton") against its insured Kraff's Men's Wear Co. and Daniel Johnson (the insured parties, collectively "Kraff's"). Hallmark named Kraff's; Traveler's Casualty Insurance Company of America, the Travelers Indemnity Company, the Charter Oak Fire Insurance Company (collectively "Travelers"); Transportation Insurance Company, Continental

Casualty Company, American Casualty Company of Reading, PA (collectively "Continental"); and Hartford Casualty Insurance Company ("Hartford").

Travelers filed an answer and asserted cross and counter claims, requesting declaratory relief that it does not owe any coverage obligations, and seeking contribution and subrogation against all defendants.[1] ECF No. 37 at 42-44. Per stipulated Motions to Dismiss, the Court dismissed Hallmark's claims against Continental and Pendleton. ECF Nos. 52, 53. In this Order, the Court is also dismissing claims between Hallmark and Kraff's and between Hallmark and Travelers per their respective Joint Stipulated Motions (ECF Nos. 69; 77).

2. **Underlying Litigation**

The underlying financial obligations arise out of litigation between Pendleton and Kraff's, where Pendleton asserted Kraff's was liable for numerous violations of copyright and trademark rights, among other claims. The parties had a lengthy business relationship dating back to the 1940s. However, in the underlying litigation, Pendleton's complaint alleges that, on September 18, 2012, Pendleton expressly revoked and withdrew the prior permission to use copyright-protected fabric and blanket designs in any commercial manner. ECF No. 1-1 at

---

[1] Continental also filed an Answer, but did not assert any cross-claims or counter-claims. ECF No. 34. Apparently, Hartford has not filed an Answer.

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 3

20-21, ¶ 98. The complaint also alleges that in "a subsequent letter dated December 4, 2012, Pendleton allowed Kraff's a firm one (1) year sell-through period to exhaust its inventory of products manufactured using Pendleton's fabric and copyrighted designs and informed Kraff's that any subsequent sales would be considered infringement of Pendleton's copyrights." ECF No. 1-1 at 20-21, ¶ 98.

In the underlying complaint, Pendleton alleged 25 counts of copyright infringement, asserting that "since December 5, 2013, [Kraff's] willfully infringed and are continuing to willfully infringe" Pendleton's copyrights by selling Pendleton goods. See ECF Nos. 1-1 ¶¶ 107-281; 59. However, the remaining claims do not include a date range. See ECF No. 1-1 at ¶¶ 282-325.

Kraff's insurers Hartford, Travelers, and Hallmark tendered a defense with reservation of rights; but Kraff's insurer Continental refused to tender a defense, arguing the alleged actionable conduct did not take place during the effective dates of coverage.[2]

//

---

[2] Continental issued three successive insurance policies to Kraff's, each bearing policy number 4024077646, with effective dates from August 20 2010 to August 20, 2011; August 20, 2011 to August 20, 2012, and August 20, 2012 to August 20, 2013. See ECF No. 59 at 3.

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 4

3. **Settlements**

On August 29, 2016, Pendleton settled with Kraff's for $425,000.00 (the "first settlement"). Kraff's paid $25,000 of the settlement, while Hallmark, Travelers, and Hartford evenly split the remaining $400,000 and attorney fees of $264,500 (about $221,500 each). *See* ECF Nos. 64 at 2; 65-1 at 3. Continental did not join the agreement. *See* ECF No. 65 at 2. Kraff's retained its right to pursue a claim against Continental, as did the settling insurance companies for contribution against Continental. *See* ECF No. 65-1 at 6-7.

About one month later, Continental entered into a settlement agreement with Kraff's, whereby Continental would pay $70,000 to Kraff's in return for a release of all claims (the "second settlement"). *See* ECF No. 59 at 1. However, the agreement is contingent on the Court imposing a claims-bar order preventing contribution claims by the other insurers against Continental. ECF No. 59 at 1. Continental now requests the Court enter such an order, but Hartford and Travelers oppose the motion. ECF Nos. 59; 64; 66. This issue is now before the Court.

DISCUSSION

Insurance companies share joint and severable liability where the underlying insurance agreements provide coverage. *Puget Sound Energy v. Certain Underwriters at Lloyd's, London*, 134 Wash. App. 228, 250 (2006). In the interest of encouraging early settlement, courts may impose a claims-bar order protecting

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR
ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 5

settling parties from future contribution claims against co-defendants.  *Id.*; *Bank of Am. v. Travelers Indem. Co.*, 2009 WL 529227, at *1 (W.D. Wash. Mar. 2, 2009); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1231 (9th Cir. 1989).

In the context of settling federal security litigation, the Ninth Circuit recognized the importance of a claims-bar order:

> [Without a claims-bar order protecting settling parties,] partial settlement of any federal securities question before trial is, as a practical matter, impossible.  Any single defendant who refuses to settle, for whatever reason, forces all others to trial.  Anyone foolish enough to settle without barring contribution is courting disaster.  They are allowing the total damages from which their ultimate share will be derived to be determined in a trial where they are not even represented.

*Franklin*, 884 F.2d at 1229 (quoting *In re Nucorp Energy Sec. Litig.*, 661 F. Supp. 1403, 1408 (S.D. Cal. 1987)).  As the Western District of Washington has noted:

> In multi-party litigation, bar orders can be an essential component of a partial settlement . . .  The public policy favoring settlement and the Court's interest in expeditiously clearing complex litigation from its docket must, however, be "tempered by the need to assure factual fairness and the correct application of legal principles" when considering a contribution bar.  A bar order is appropriate only where the proposed settlement is reasonable and the interests of the non-settling defendants are protected.

*Bank of Am.*, 2009 WL at *1 (quoting *Franklin*, 884 F.2d at 1225, 1231).

The Court is declining to exercise the power to impose a claims-bar order.  Under the facts presented, it is questionable as to whether granting a claims-bar request would further the public policy of encouraging settlement, and equity does not demand the order be entered.  In this instance, a claims-bar order would reward

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 6

parties that hold out on settling rather than the parties that entered into a settlement in the first instance.  It also extinguishes Travelers cross claims seeking contribution and subrogation against Continental.  ECF No. 37 at 42-44.  Travelers is entitled to its day in court and a purported settlement between Kraff's and Continental does not change that.

On review, the balance tips in favor of not allowing a claims-bar order.  While a claims-bar order would encourage later settlements by those not party to the first settlement, the overall effect would be to encourage an insurer to drag its feet rather than settle in hopes that it can strike a bargain with the insured.  Here Hallmark, Travelers, and Hartford paid over $220,000 each, while Continental would only pay $70,000 for whatever claims Kraff's carved out from the first settlement.  Travelers is entitled to pursue contribution irrespective of Continental's subsequent settlement with the insured.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Third Party Defendants Continental Casualty Company, Transportation Insurance Company, and American Casualty Company of Reading PA's Motion to Approve Settlement (ECF No. 59) is **DENIED**.

2. The parties' Stipulated Motions to Dismiss (ECF Nos. 69; 77) are **GRANTED**.  All claims that have been asserted, or may be asserted between Plaintiff and Kraff's, Plaintiff and Daniel Johnson, and Plaintiff

and Travelers are **dismissed with prejudice with each party bearing its own attorney fees and costs**.  This dismissal does not affect any remaining claims in this matter including any other claims that have been brought by any other party.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** July 27, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING CONTINENTAL'S REQUEST FOR CLAIMS-BAR ORDER; GRANTING STIPULATED MOTIONS TO DISMISS ~ 8